IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AMBROSIO NOLASCO-ARIZA,
           Movant,

-vs-

UNITED STATES OF AMERICA,
           Respondent.

CAUSE NO. Case No. A-18-CA-241-SS
[No. A-16-CR-342(1)-SS]

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Ambrosio Nolasco-Ariza's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#39]. Having considered the motion, the governing law, and the file as a whole, the Court now enters the following opinion and orders summarily denying Nolasco-Ariza's motion.

### Background

On January 12, 2017, Nolasco-Ariza pleaded guilty to illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326. The Court accepted Nolasco-Ariza's plea, and on March 24, 2017, sentenced Nolasco-Ariza to a term of imprisonment of 21 months to run consecutive to a term of imprisonment imposed in A-13-CR-199(1)-SS in the amount of 18 months for a total term of imprisonment of 39 months. The Court also ordered the sentence to be followed by a three-year term of supervised release and ordered Nolasco-Ariz to pay $100 as a mandatory assessment fee. Nolasco-Ariza did not pursue a direct appeal.



On March 13, 2018, Nolasco-Ariza executed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Nolasco-Ariza asks the Court to vacate his three-year term of supervised release. Nolasco-Ariza asserts he is a deportable alien and supervised release is not required by statute.

**Analysis**

**I.      Section 2255-Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf,* 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith,* 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente,* 81 F.3d at 558.

**I.      Application**

To the extent Nolasco-Ariza contends the Court erred in calculating whether he should have a term of supervised release imposed his claim is not cognizable in a motion for section 2255 relief.

Technical application of the Sentencing Guidelines does not give rise to constitutional issues. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *see also United States v. Larry*, 312 F. App'x 660, 661 (5th Cir. 2009) ("[C]hallenge to the application of the Guidelines is not cognizable in a § 2255 motion.").

Even considering the merits of his claim, however, Nolasco-Ariza's ground for relief is invalid. Although the Court was not required to impose a term of supervised relief, it was not error to do so. Under U.S.S.G. § 5D1.1, a "court ordinarily should not impose a term of [SR] in a case in which [SR] is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c). Section 5D1.1(c) is advisory, and a district court discharges its duties under § 5D1.1(c) by considering the applicable 18 U.S.C. § 3553(a) factors of deterrence and protection and by imposing a reasoned and individualized sentence under the circumstances. *United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013). In the instant cause, the Court determined an appropriate sentence, which included a term of supervised release, for Nolasco-Ariza under the § 3553(a) factors. The imposition of supervised release was not error. Accordingly, Nolasco-Ariza's motion is denied.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet that burden in cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Nolasco-Ariza's § 2255 motion on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Ambrosio Nolasco-Ariza's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#39] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 26th day of March 2018.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE